Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| BATHROOM JEWELS, INC.  Recurrido  Vs.  GABRIELA S. RIVERA EMANUELLI Y OTROS  Peticionaria | TA2026CE00513 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón  Caso Núm. BY2024CV05416  Sala: 403  Sobre:  COBRO DE DINERO - ORDINARIO |
|---|---|---|

Panel integrado por su presidente, el Juez Marrero Guerrero, el Juez Cruz Hiraldo y el Juez Sánchez Báez.[1]

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de junio de 2026.

Comparece la parte peticionaria, la señora Gabriela S. Rivera Emanuelli, solicita la revocación de la *Resolución* emitida y notificada el 27 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. El dictamen interlocutorio reiteró una resolución del tribunal recurrido en cuanto a solo autorizar el memorando de costas promovido por la parte peticionaria, pero excluyó la petición de imponer el pago de honorarios de abogados a la parte recurrida, Bathroom Jewels, Inc., por temeridad y presentar una reclamación frívola.

Por los fundamentos expuestos en esta sentencia, *expedimos* el auto solicitado y *revocamos* la resolución recurrida.

*-I-*

El 13 de septiembre de 2024, la parte recurrida presentó *Demanda* en cobro de dinero por la vía ordinaria. Alegó que en marzo

---

[1] Mediante la OATA-2026-063 emitida el 2 de junio de 2026, se designa al Hon. Ricardo G. Marrero Guerrero en sustitución de la Hon. Ivelisse M. Domínguez Irizarry.

de 2023 la parte peticionaria adquirió de la recurrida: (1) una nevera/congelador; (2); un horno; (3) microondas; (4) sistema de extractor; (4) una estufa eléctrica de inducción; y (5) el servicio de entrega al hogar por un costo adicional. Según las alegaciones, los enseres fueron entregados a la parte peticionaria en el mes de marzo de 2024. En virtud de la alegada compra, 15 de marzo de 2024 la parte recurrida creó la factura número 32517 ascendente a $37,500.00. La parte recurrida añadió que los intentos de cobro fueron infructuosos y la factura está vencida. Por ello solicitó sentencia con una orden de pago por la supuesta deuda más intereses por mora e intereses legales.

El 3 de enero de 2025, la parte peticionaria presentó *Contestación a Demanda y Demanda Contra Tercero*. En ella incluyó como tercero demandado a su exesposo, el señor Federico Cardona Firpi. La parte peticionara alegó que su exesposo adquirió la mercancía cuya deuda la parte recurrida ahora reclama. También que (1) el tercero demandado pagó la deuda reclamada por el recurrido; (2) el tercero demandado obsequió los enseres a la parte peticionaria en ocasión del matrimonio entre ellos, antes del casamiento; (3) las capitulaciones matrimoniales de la extinta unión claramente establecen el carácter privado de las deudas contraídas antes de la boda; y (4) la factura para el cobro de dinero fue creada por la parte recurrida en contubernio con el tercero demandado como pretexto para presentar la demanda de título. Esto último, supuestamente motivado por una actitud revanchista del tercero demandado debido al divorcio acaecido entre la parte peticionaria y este último. El 13 de febrero de 2025 la parte peticionaria alegó haber notificado a la parte recurrida un *Requerimiento de Admisiones*. Del mencionado requerimiento, destacamos los siguientes intentos de admisiones:

1. Admita que, para el 26 de febrero de 2022, Bathroom Jewels, Inc. emitió la Orden de Compra #2846 a favor de Federico Cardona por la cantidad de cuarenta mil novecientos cincuenta y dos dólares con veintidós centavos ($40,952.22).

2. Admita que, para el 26 de febrero de 2022, Bathroom Jewels, Inc. emitió la Orden Compra #30440 a favor de Federico Cardona por la cantidad de tres mil ciento cincuenta y siete dólares con sesenta y tres centavos ($ 3,157.63).

3. Admita que el 26 de febrero de 2022 Bathroom Jewels, Inc. recibió de manos del Sr. Federico Cardona Firpi la suma de $20,000.00 mediante un cargo a la tarjeta de crédito de este.

4. Admita que el 26 de febrero de 2022 Bathroom Jewels, Inc. recibió de manos del Sr. Federico Cardona Firpi la suma de tres mil ciento cincuenta y siete dólares con sesenta y tres centavos ($3,157.63) mediante un cargo a la tarjeta de crédito de este.

El 14 de febrero de 2025, la parte recurrida presentó *Moción Solicitando Desistimiento sin Perjuicio*. En la referida moción, indicó que el agente autorizado de la compañía no podía continuar con el procedimiento legal del caso por razones de salud, y solicitó el desistimiento sin perjuicio de la demanda. El 14 de febrero de 2025, el foro primario dictó *Sentencia*, autorizó el desistimiento sin perjuicio de la demanda e indicó que la sentencia advino final y firme desde el momento del pronunciamiento. La parte peticionaria presentó el 3 de marzo de 2025 una *Moción de Reconsideración*. La parte recurrida presentó *Réplica a Solicitud de Reconsideración; Que pide Honorarios por Temeridad y Otros Extremos*. En su escrito la parte recurrida solicitó $25,000.00 en concepto de honorarios de abogado por las supuestas actuaciones frívolas de la parte peticionaria y, además, solicitó un "No Ha Lugar" a la moción de reconsideración. El tribunal de primera instancia denegó la reconsideración presentada por la parte peticionaria. Todavía inconforme, el 9 de mayo de 2025, la parte peticionaria presentó

apelación. El 18 de junio de 2025 un panel de jueces del Tribunal de Apelaciones emitió sentencia (KLAN202500412). En cuanto a los errores señalados por la parte peticionaria en la apelación el foro apelativo decidió, y citamos:

> En el caso de marras, Bathroom decidió desistir de su causa de acción luego de que la apelante hubiese comparecido. Para ello, este le notificó al Foro Primario y a las partes mediante moción, por lo que cumplió con los requisitos para poder desistir del pleito.
>
> [...]
>
> Del expediente surge, que Bathroom solicitó desistir del pleito sin perjuicio y el Foro Primario declaró Ha Lugar dicho desistimiento. En consecuencia, emitió una "Sentencia" indicando que la misma advenía final y firme desde el momento de su emisión. Entendemos que el TPI-Bayamón soslayó el derecho vigente. Es principio cardinal en nuestro ordenamiento jurídico que toda persona tiene derecho a un debido proceso de ley, el cual se incluye el derecho a ser oído. Por lo que, el TPI-Bayamón abusó de su discreción al indicar en su sentencia que la misma era final y firme desde el momento de haber sido emitida, porque contradice con lo dispuesto en las Reglas de Procedimiento Civil, supra.
>
> [...]
>
> Por tal motivo, una sentencia no adviene final y firme desde el momento de su emisión, porque se viola con el debido proceso a las partes al coartarle su derecho de solicitar la reconsideración o recurrir al Foro Apelativo.
>
> [...]
>
> Por tanto, debemos concluir que el Foro Primario no incidió en error al otorgar el desistimiento, porque la parte apelada cumplió con los requisitos en ley para solicitarlo. No obstante, concluimos que el *TPI-Bayamón* erró en emitir una "*Sentencia*", adviniéndola final y firme desde la emisión de la misma, debido a que violenta con el principio constitucional de salvaguardar el debido proceso de ley, para que las partes puedan ser oídas a través de una reconsideración o revisión de otros foros.
>
> [...]
>
> Por los fundamentos antes detallados, *revocamos* la "*Sentencia*" impugnada y devolvemos el caso al Foro Primario para que continúen los procedimientos y determine si

proceden las costas y honorarios de abogado solicitados por Rivera Emanuelli.

Devuelto el caso al foro primario, el 4 de febrero de 2026 la parte peticionaria solicitó que, el desistimiento fuera con perjuicio, la imposición del pago de los honoraros de abogados, gastos, costas incurridas en el caso, y sanciones al recurrido por su "incumplimiento" con la Regla 9.1 de Procedimiento Civil, y también, la imposición de honorarios de abogado por la presentación de una reclamación frívola y temeraria. El fundamento de la solicitud queda resumido en los siguientes extractos de su pedimento:

> Bathroom incurrió en conducta abusiva y temeraria que forma parte de un patrón incesante y concertado de persecución, opresión y abuso del derecho en contra de Rivera Emanuelli. Bathroom pretendió reclamarle por una deuda en que ella no incurrió, ni garantizó—la cual estaba salda.

> [...]

> Bathroom recurrió, como estrategia de litigio, al desistimiento para evadir tener que contestar un requerimiento de admisiones, bajo juramento, que demostraba que su reclamación estaba predicada en prueba espuria preparada para cobrar lo indebido, al igual que Cardona Firpi fue quien compró, y saldó, la mercancía reclamada

> Esta conducta abusiva y temeraria amerita que el desistimiento sea con perjuicio, con la imposición del pago de todos los gastos, costas, sanciones por violentar la Regla 9.1 de Procedimiento Civil y honorarios de abogado en que Rivera Emanuelli incurrió para defenderse de esta reclamación frívola que jamás se debió presentar.

El 27 de marzo de 2026, el foro recurrido emitió resolución la cual lee: "Evaluados los escritos de las partes y conforme al mandato del Tribunal de Apelaciones se aprueba el memorando de costas, excluyendo la partida de honorarios de abogado por temeridad". La parte peticionaria solicitó reconsideración. En cumplimiento con la orden del tribunal la parte recurrida presentó *Réplica a Moción de Reconsideración*. El tribunal de primera instancia emitió la resolución recurrida, en ella dispuso: "Evaluado el escrito de la parte

demandada, el expediente de este caso, nos mantenemos en nuestra determinación de aprobar el memorando de costas, excluyendo los honorarios por temeridad". Inconforme, la parte peticionaria presentó el presente recurso de *certiorari*, apunta como errores los siguientes:

> La Regla 46 de Procedimiento Civil requiere registrar judicialmente y notificar toda sentencia final como condición precedente a poder advenir eficaz y apelarse. El Tribunal de Apelaciones revocó la sentencia de desistimiento que originalmente se dictó. Por tanto, al Foro de Instancia no dictar una nueva sentencia para sustituirla, procede revocar la resolución recurrida.

> La Regla 39.1 de Procedimiento Civil provee para sancionar la obstaculización de la sana administración de la justicia y abuso de los procesos judiciales. La demanda frívola de su faz de Bathroom es otro eslabón de la estrategia concertada de presentación de litigios civiles y criminales para perseguir, oprimir y hostigar a Rivera-Emanuelli en Puerto Rico y la Florida. Su temeridad amerita revocar la resolución recurrida, dictar una sentencia de desistimiento.

> Las Reglas 9.1 y 9.3 de Procedimiento Civil disponen para sancionar todo escrito jurídico que no esté bien fundado en los hechos, y que se presente para causarle injusticia u oprimir al litigante adverso. Mediante su demanda, Bathroom pretendió cobrarle una deuda a Rivera-Emanuelli—lo cual hizo aun sabiendo que esta no la incurrió, ni la garantizó y que Cardona-Firpi la saldó. También sabía que sus capitulaciones matrimoniales impedían reclamárselas. Este cobro indebido de una deuda inexistente amerita revocar la resolución recurrida e imponerle a Bathroom las sanciones correspondientes.

La parte recurrida comparece mediante alegato escrito en oposición a la expedición del auto solicitado. Por ende, procedemos a disponer del presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente electrónico y el *Derecho* aplicable.

***-II-***

***-A-***

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. *Íd.*, pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. *Íd.* Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. *Íd.* Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.*

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público;

y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 215 DPR ___ (2025), enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró, supra,* pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de

derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

### -B-

El mandato es una "[o]rden de un tribunal superior a uno de inferior jerarquía, notificándole haber revisado el caso en apelación y enviándole los términos de su sentencia". *Pueblo v. Serrano Chang*, 201 DPR 643, 650 (2018); *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 300-301 (2012). Es el medio oficial del tribunal apelativo para informar su decisión al tribunal de menor jerarquía y exigir actuar conforme con el dictamen emitido. *Pueblo v. Serrano Chang, supra*, pág. 650; *Pueblo v. Tribunal de Distrito*, 97 DPR 241, 246 (1969). El mandato cobra relevancia especial por sus efectos sobre la jurisdicción del tribunal revisado. *Colón y otros v. Frito Lays*, 186 DPR 135, 153 (2012). Paralizado el procedimiento en el foro recurrido, por orden del tribunal apelativo o por la presentación del recurso, según sea el caso, el tribunal inferior pierde su jurisdicción sobre la controversia recurrida. *Pueblo v. Pérez*, 159 DPR 554, 564 (2003); *Pérez, Ex parte v. Depto. de la Familia*, 147 DPR 556, 570 (1999). Por ello, será nula toda actuación del tribunal recurrido relacionada con el asunto paralizado contraria al mandato recibido. *Colón y otros v. Frito Lays, supra*, pág. 154; *Pérez, Ex parte v. Depto. de la Familia, supra*, pág. 570.

El tribunal apelativo emite el mandato exclusivamente cuando dispone finalmente de todos los asuntos ante su consideración. *Pueblo v. Pérez, supra*, pág. 565 esc. 5; *Pueblo v. Tribunal de Distrito, supra*, pág. 246. Recibido el mandato, el tribunal recurrido readquiere jurisdicción para continuar los procedimientos conforme al mandato. *Pueblo v. Pérez, supra*, pág. 564; *Pérez, Ex parte v. Depto. de la Familia, supra*, pág. 571. El tribunal apelativo pierde su jurisdicción cuando expide el mandato. *Piazza v. Isla del Río, Inc.*, 158 DPR 440, 456 (2003). Excepcionalmente "es concebible que un

foro apelativo pueda válidamente ordenar la devolución de su mandato, a los fines de reabrir un caso que ya era final y firme, con el propósito de modificar un dictamen que por razones desconocidas por ese foro al emitirlo resultó ser crasamente erróneo e injusto". *Íd.*, pág. 456.

### -C-

La doctrina del mandato (*mandate rule*) es una versión particularmente restrictiva de la doctrina de la ley del caso. A. Crews, *The Mandate Rule*, 73 S.C.L. Rev. 263, 266 (2021). En ocasiones los tribunales federales han expresado que la doctrina del mandato es corolario de la ley del caso, *DeJoria v. Maghreb Petroleum Exploration*, S.A., 935 F.3d 381, 394 (5th Cir. 2019), mientras otros opinan es una aplicación especial de la ley del caso, *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 184 (5th Cir. 2012). La idea es la misma, la doctrina de la ley del caso expresa la práctica general de los tribunales de negarse a reabrir lo decidido firmemente. *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005); *Núñez Borges v. Pauneto Rivera*, 130 DPR 749, 754 (1992). De esta forma la doctrina del mandato impide a un foro adjudicativo de jerarquía inferior actuar de forma contraria al fallo del tribunal de mayor jerarquía. *In re Sanford Fork & Tool*, 160 U.S. 247, 255 (1895); *Pueblo v. Serrano Chang, supra*, pág. 650; *Mejías et al. v. Carrasquillo et al., supra*, pág. 301. Recibido el mandato, el tribunal recurrido carece de facultad para ignorar o modificar la sentencia expresada vía el mandato porque es la ley del caso entre las partes. *Utah Pub. Serv. Comm'n v. El Paso Nat. Gas Co.*, 395 U.S. 464, 467 (1969). Inclusive, la doctrina del mandato autoriza al tribunal de jerarquía mayor a compeler el cumplimiento de un mandato a solicitud de parte en un recurso posterior. *Rivera Camacho v. Publi-Inversiones de Puerto Rico*, 2026 TSPR 54, pág. 6, 218 DPR ___ (2026).

El efecto del mandato alcanza incluso cuestiones que, si bien no se litigaron, pudieron litigarse. *Mejías et al. v. Carrasquillo et al.*, *supra*, pág. 302; *Pan American v. Tribunal Superior*, 97 DPR 447, 451 (1969). *Véase, Fiddler v. Tribl. Contribuciones*, 68 DPR 847 (1948). Por ello, comunicado el mandato, el tribunal de menor jerarquía carece de discreción para reconsiderar asuntos que, aunque pudieron traerse ante la consideración del tribunal apelativo, no se sometieron. *Pueblo v. Serrano Chang, supra*, pág. 651; *Colón y otros v. Frito Lays, supra*, pág. 153. *Véase*, 16AA Wright et als., *Federal Practice and Procedure: Jurisdiction and Related Matters*, Sec. Sec. 4478.3 (5th ed. 2025) ("Nor may the district court be permitted to reconsider its own rulings made before appeal and not raised on appeal".) No obstante, el tribunal de rango inferior mantiene discreción para reconsiderar asuntos ajenos al mandato, a saber: aquellos que no estuvieron expresa o implícitamente ante la consideración del tribunal revisor. *Pueblo v. Serrano Chang, supra*, pág. 651; *Mejías et al. v. Carrasquillo et al., supra*, págs. 302-303. Los asuntos explícitos son "los que surgen de la sentencia claramente y sin espacio a ambivalencias". *Mejías et al. v. Carrasquillo et al., supra*, pág. 303. Los asuntos implícitos son "aquellas cuestiones que, si bien no se litigaron, pudieron haberse litigado, aquellas que surgen del mandato mismo, así como aquellas que se deben realizar para que resulte efecto el mandato". *Íd*. Así pues, "[e]l pequeño ámbito que no queda incluido en el mandato son los únicos asuntos que el tribunal de inferior jerarquía podrá revisar". R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 489; *Véase, Sprague v. Ticonic Nat. Bank*, 307 U.S. 161 (1939).

Las excepciones a la doctrina del mandato y a la doctrina de la ley del caso son las iguales: (1) durante los procesos posteriores al mandato surge evidencia que modifica sustancialmente los

hechos y la controversia del caso; (2) ocurre un cambio en el estado de derecho; y (3) la decisión previa es palpablemente errónea y puede causar una injusticia grave. *Demahy v. Schwarz Pharma, Inc.*, *supra*, págs. 184-185; *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 607-608 (2000). Empero, el tribunal de menor jerarquía debe solicitar la autorización del tribunal de mayor jerarquía para apartarse del mandato bajo las referidas excepciones, salvo una razón clara, contundente y apremiante que amerite obviar la autorización del tribunal de mayor jerarquía. Wright et als.*, op. cit.*, Sec. 4478.3. *Véase, Pueblo v. Tribunal de Distrito, supra*, pág. 247. La doctrina del mandato aplica únicamente entre tribunales de diferente jerarquía. *Rivera Camacho v. Publi-Inversiones de Puerto Rico, supra*, pág. 7. En cambio, el mandato de un tribunal apelativo constituye la ley del caso entre los jueces del mismo tribunal. *Íd.* Así, cuando un tribunal apelativo decide revisar su propio mandato aplica la doctrina de la ley del caso no la doctrina del mandato. R. Hernández Colón, *op. cit.*, pág. 5; Véanse, *Félix v. Las Haciendas*, *supra*; *Noriega v. Gobernador*, 130 DPR 919 (1992).

### *-III-*

No corresponde decidir los méritos de la solicitud de honorarios de abogado en esta etapa. En cuanto a la moción de reconsideración presentada por la parte peticionaria concluimos que cumplió con el mínimo requerido por la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47. La moción de reconsideración estuvo fundamentada y aludió a hechos procesales específicos suficientes para solicitar un nuevo examen a la resolución recurrida. *Íd.* La moción de reconsideración también incluyó razones legales específicas para reconsiderar el fallo interlocutorio emitido por el foro primario. *Íd.* "[S]alvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamente su planteamiento, será suficiente para cumplir

con la regla". J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1366. En consecuencia, la parte peticionaria presentó una moción de reconsideración oportuna, fundamentada e interrumpió válidamente el plazo para acudir mediante recurso de *certiorari* ante esta curia. Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2; *División de Empleados Públicos de la Unión Gen. de Trabajadores v. Cuerpo de Emergencias Médicas de P.R. (CEMPR)*, 212 DPR 742, 752 (2023); *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 338 (2018); *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 167 (2016); *Mun. Rincón v. Velázquez Muñiz y otros*, 192 DPR 989, 999 (2015); *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 8–9 (2014).

Establecido lo anterior, nos atañe resolver si el Tribunal de Primera Instancia actuó conforme al mandato emitido por el Tribunal de Apelaciones mediante la *Sentencia* del 18 de junio de 2025 en *Bathromm Jewels, Inc. v. Gabriela S. Rivera Emanuelli, y otros*, KLAN202500412.

El 18 de junio de 2025, el Tribunal de Apelaciones dictó sentencia final, en esta resolvió en los méritos el recurso de apelación promovido por la parte recurrida. En primer lugar, dispuso que el desistimiento solicitado fue presentado y resuelto conforme a derecho. No obstante, y en lo pertinente a este recurso, el tribunal apelativo revocó la sentencia apelada debido a la expresión errónea del foro primario que atribuyó finalidad y firmeza al dictamen apelado desde el mismo momento de ser emitida la sentencia. Revocada la sentencia, este tribunal devolvió el caso al foro de primera instancia para resolver en los méritos la solicitud de gastos, costas y honorarios de abogados instada por la parte peticionaria. Por implicación necesaria del mandato emitido por el Tribunal de Apelaciones está la nueva emisión de una sentencia en

observancia al debido proceso de ley. Empero el foro primario emitió una escueta resolución sin resolver en los méritos el memorando de costas, gastos y honorarios de abogados y dejó en un limbo jurídico la activación de los términos apelativos relacionados al archivo y notificación de una sentencia final. Por ello, el foro primario erró, actuó contrario a la doctrina del mandato.

Para efectos de la doctrina del mandato, el tribunal recurrido no invocó excepción para desatender el mandato. Tampoco medió autorización del tribunal de mayor jerarquía para ignorar el mandato. Mucho menos estamos ante una circunstancia clara y contundente que amerite el desvío de la doctrina establecida. En aras de proteger el trámite ordenado y expedito de los litigios, así como la estabilidad y certeza del derecho, este tribunal debe velar por la adhesión fiel a su mandato. *Torres Cruz v. Municipio de San Juan*, 103 DPR 217, 222 (1975). El foro recurrido debe cumplir con el mandato del Tribunal de Apelaciones en el caso KLAN202500412, cuya parte dispositiva revocó la sentencia apelada y ordenó al foro de primera instancia a emitir una nueva sentencia y, además, determinar "si proceden las costas y honorarios de abogado solicitados", órdenes que, el foro primario obvió al resolver mediante una resolución interlocutoria en lugar de una sentencia fundamentada, como correspondía. Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. No hay duda, exigir del foro primario un dictamen fundamentado cumple con nuestro deber de procurar todos los elementos de juicio necesarios para cumplir con nuestra función revisora. *Pueblo v. Pérez*, 159 DPR 554, 563 (2003). Este proceder, además, es cónsono con lo resuelto por el Tribunal Supremo en *Pueblo v. Pacheco Armand*, 150 DPR 53 (2000). En aquel caso, el Tribunal Supremo resolvió que la mejor práctica para fines apelativos es que el tribunal de primera instancia, al adjudicar controversias importantes, emita una sentencia escrita en la que

plasme la decisión judicial y sus fundamentos, para así facilitar la función revisora de los foros apelativos. *Íd.* Recordemos que, al revocar la sentencia, este tribunal dejó sin efecto la sentencia apelada. Mientras el foro de primera instancia no emita una sentencia final sobre todos los asuntos que tuvo ante su consideración no queda activado el derecho estatutario de las partes del epígrafe para acudir en apelación ante el Tribunal de Apelaciones. *Silva Barreto v. Tejada Martell*, 199 DPR 311, 317 (2017); Regla 13(A) del Reglamento del Tribunal de Apelaciones 4 LPRA Ap. XXII-B, R. 13(A); Art. 4.006(a) Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, 4 LPRA sec. 24y. Por tanto, correspondía la notificación de una nueva sentencia que también incluya una decisión fundamentada sobre el memorando de costas, gastos y honorarios de abogados. Cualquier sentencia que adjudique menos del total de las reclamaciones no terminará el pleito respecto a ninguna de las reclamaciones. *Cortes Román v. E.L.A.*, 106 DPR 504, 512-513 (1977).

Reiteramos que, una vez reciba el mandato, el tribunal inferior debe limitarse a cumplir con lo ordenado por este tribunal, ya que constituye la ley del caso. *Pan American v. Tribunal Superior*, 97 DPR 447, 451 (1969). Nuestro sistema judicial jerárquico, "depende de que las decisiones de los tribunales de mayor jerarquía sean acatadas y ejecutadas por los jueces de jerarquía inferior". *In re Candelaria Rosa*, 197 DPR 445, 468 (2017). Esto tiene su arraigo en que "[l]a autoridad y legitimidad del Poder Judicial descansa, necesariamente, en que se acaten sus decisiones y mandatos". *Íd.* La *Sentencia* del 18 de junio de 2025 en *Bathromm Jewels, Inc. v. Gabriela S. Rivera Emanuelli, y otros*, KLAN202500412 incluyó instrucciones y órdenes al foro apelado en virtud de la facultad que tienen todos los tribunales para ordenar cualquier acto que resulte

necesario para cumplir a cabalidad con sus funciones. Art. 4.002 de la Ley Núm. 201-2003 Ley de la Judicatura, 4 LPRA sec. 24u; *Pueblo v. Pérez, supra,* pág. 564. Conforme a la casuística reseñada, es obligación ineludible del Tribunal de Primera Instancia cumplir estrictamente con el mandato del Tribunal de Apelaciones y ajustarse a lo expresamente ordenado por el foro revisor. *Rivera Camacho v. Publi-Inversiones de Puerto Rico, supra.*

### -*IV*-

Por los fundamentos antes expuestos, los cuales hacemos formar parte de este dictamen, *expedimos* el auto solicitado, *revocamos* la resolución recurrida y *devolvemos* nuevamente el caso al foro de origen para que cumpla con el mandato del Tribunal de Apelaciones en la *Sentencia* del 18 de junio de 2025 en *Bathromm Jewels, Inc. v. Gabriela S. Rivera Emanuelli, y otros,* KLAN202500412.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones